IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

IN RE )
)
JERRY W. and ROSALYN E. AKERS, ) CASE NO. 04-82355-G3-7
)
       Debtors )
)

## MEMORANDUM OPINION

Came on for trial the Trustee's Objection to Property Claimed as Exempt (Docket No. 18) filed by Robbye R. Waldron, the Chapter 7 Trustee, and after considering the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law and enters a separate Judgment in conjunction herewith sustaining the Objection and disallowing the Debtors' claimed exemption of $23,871.72 of the deposit made to the Debtor's, Jerry Akers', IRA account in April 2003. To the extent any Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

Jerry W. and Rosalyn E. Akers ("Debtors") filed a voluntary Chapter 7 petition on November 2, 2004. Docket No. 1. They elected the Texas state exemptions and listed two 401K accounts in the amounts of $21,750.21 and $563,532.87 as exempt pursuant to Texas Property Code § 42.0021. Docket Nos. 3 and 8,

Schedule C and Amended Schedule C.

The Trustee filed an objection to the claimed exemptions out of an abundance of caution due to limited time within which to review records provided by Debtors. The Trustee's objection was based upon the possibility that Debtors contributed more than the amount allowed as exempt pursuant to the Texas Property Code § 42.0021(b). This section of the Texas Property Code limits the exemption of contributions to retirement accounts to the amount deductible under the applicable provision of the Internal Revenue Code ("IRC"). Thus, any amount contributed over the IRC deductible would not be exempt. Docket No. 18. No response or opposition was filed on behalf of Debtors.

An initial hearing was held on the Objection on May 20, 2005. Debtors did not appear at the hearing nor did their counsel of record. The hearing was continued and on June 17, 2005 the court tried the matter. Again, neither Debtors nor their counsel of record appeared at trial. Gulf Coast Petroleum, a creditor of the Debtors, also appeared at trial and stated that they supported the Trustee's objection.

The Trustee announced that he had reviewed the Debtors' statements for their A.G. Edwards retirement accounts, including a Profit Sharing Account, Money Purchase Plan and IRA Accounts for

2001 to the present.[1] These accounts were consolidated into a traditional IRA account in or around April 2003. Subsequent to his review of Debtors' statements, the Trustee filed a "Memorandum in Support" of his Objection (Docket No. 25) and stated that he is no longer challenging any of Debtors' contributions other than a deposit of $27,371.72, made to the IRA Account of Debtor, Jerry Akers, for the period March 29, 2003 to April 25, 2003.

The Texas Property Code § 42.0021(b) provides that contributions to an individual retirement account that exceed the amount deductible under the applicable provisions of the IRC of 1986 and any accrued earnings on such contributions are not exempt. Debtors are over 50 years of age. The maximum amount that Debtors could deduct in 2003 was $3,500.00. 26 U.S.C. § 219(b)(5)(A). Since Debtor contributed $27,371.72 for that period and only $3,500.00 is allowed as deductible, the non-deductible amount of $23,871.72 is not exempt. The court finds that this sum, $23,871.72, is not exempt and Debtors are to turnover this amount to the Trustee.

Once an exemption has been claimed, it is the objecting party's burden (the Trustee in this case) to prove that the exemption is not properly claimed. See Fed. R. Bankr. P. 4003(c). Initially, this means that the objecting party has the burden of

---

[1] Although not stated, it is likely that the Trustee only reviewed records from 2001 forward as 26 U.S.C. § 6501 provides that taxes be assessed and collected within three years after a return is filed.

production and the burden of persuasion. The objecting party must produce evidence to rebut the presumptively valid exemption. If the objecting party can produce evidence to rebut the exemption, the burden of proof then shifts to the debtor, who must come forward with unequivocal evidence to demonstrate that the exemption is proper. *See Carter v. Anderson (In re Smith)*, 182 F.3d 1027 (9th Cir. 1999) and cases cited therein.

The Trustee submitted his "Memorandum in Support" of his Objection (Docket No. 25) with exhibits attached. These exhibits substantiate the Trustee's Objection and include statements of Debtors' accounts, Debtors' Income Tax Returns with Two Year Comparison Worksheets attached thereto, and Trustee's Affidavit. Exhibits A-G. The court finds that the Trustee has rebutted the presumption of validity of the Debtors' exemptions.

The court finds that Debtors have failed to provide evidence of the validity of their exemption claim. After due notice, Debtors and their counsel failed to appear at the initial hearing and at trial, no response or objection was filed to the Trustee's Objection, and no evidence was submitted to the court in support of their claim.

Based upon the above Findings of Fact and Conclusions of Law the court disallows the Debtors' claimed exemption of $23,871.72 of the deposit made to the IRA account of Debtor, Jerry Akers, for the period March 29, 2003 to April 25, 2003. The

Trustee's Objection to Property Claimed as Exempt is sustained and a separate Judgment will be entered in conjunction herewith.

SIGNED at Houston, Texas this 19th day of September, 2005.

*/s/ Letitia Z. Clark*

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE